**Robert HECKEL, d/b/a Humpty Dumpty Ice Cream Company, and Drexel Davis Treasurer of the Commonwealth of Kentucky, and Custodian of Uninsured Employer's Fund, Appellants,**

v.

**Woodrow SINGLETON, Sr., Administrator of the Estate of Woodrow W. Singleton, Jr., Deceased, and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1982.

Adrian F. O'Bryan, Louisville, Michael Richardson, Asst. Atty. Gen., Frankfort, for appellants.

James L. Levin, Louisville, for appellees.

Before COOPER, McDONALD and VANCE, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court upholding an amended opinion and award of the Workers' Compensation Board which determined, in part, that the decedent's average weekly wage was $70.50. The issue herein is whether the circuit court's judgment was clearly erroneous in the light of KRS 342.140(2). On review, we reverse and remand.

On July 6, 1973, Woodrow Singleton, Jr., the decedent, was killed while driving an ice cream truck while in the employ of the appellant, Robert Heckel, d/b/a Humpty Dumpty Ice Cream Company. At the time of his death, the decedent was sixteen years

old and lived at home with his father, older brother, twin sister, and younger brother. The decedent's father, appellee herein, Woodrow Singleton, Sr., is disabled and earns approximately $3,000 per year. At the time of the decedent's death, there was no evidence that either his brother or sister had any employment. The family as a whole was receiving $157.00 per month from social security as the result of the death of the decedent's mother.

On September 23, 1978, the Workers' Compensation Board (hereinafter Board) issued an opinion and award determining that the decedent was not seasonably employed in that "ice cream can be sold at any time of the year." Furthermore, it determined that the decedent's average weekly wage was $95.00 and the claimants were 40% dependent on his earnings. On May 6, 1977, the circuit court reversed the Board's findings on the question of seasonable employment based on the holding of the Court in *Dept. of Parks v. Kinslow*, Ky., 481 S.W.2d 686 (1972). The circuit court specifically found that the decedent's employment was seasonal and remanded the questions of dependency and the decedent's average weekly wage to the Board.

On September 28, 1978, the Board issued an amended opinion and award stating that the decedent's average weekly wage was $70.50. No specific findings of fact were issued to substantiate such figure, nor were any specific findings of fact made on the question of dependency. The appellants— the employer and Drexel Davis, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund—appealed the amended opinion and award to the circuit court. On March 17, 1981, that court summarily affirmed the Board's action. It is from such judgment that the appellants now appeal.

Essentially, the question before this Court is whether the Board erred as a matter of law in computing the decedent's average weekly wage. KRS 342.285(3)(c). KRS 342.140(2) states as follows:

In occupations which are exclusively seasonal and therefore cannot be carried on throughout the year, the average weekly wage shall be taken to be one-fiftieth (1/50) of the total wages which the employe has earned from all occupations during the twelve (12) calendar months immediately preceding the injury.

In finding that the decedent's average weekly wage was $70.50, the Board would have had to find that the decedent had earned $3,525.00 between July 9, 1972, and July 9, 1973. There is no evidence contained in the record to support such a finding. Rather, it is evident that the Board computed the decedent's average weekly wage by taking the total wages he earned from June 1 to July 6, 1973, and divided it by the number of weeks worked, or $425.00 divided by 6. Although the $70.50 represents an average weekly wage for the weeks the decedent worked for the appellant, it is not equivalent to the average weekly wage as computed under the statute. Consequently, the judgment of the circuit court must be reversed with directions that the Board properly compute the decedent's average weekly wage in accordance with KRS 342.140(2). In that the decedent's average weekly wage must be recomputed in light of the statute, the Board must reexamine the question of dependency.

The judgment of the circuit court is reversed with directions that it remand to the Workers' Compensation Board the questions of dependency and the decedent's average weekly wage as computed pursuant to KRS 342.140(2).

ALL CONCUR.